**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 11333, Inc., f/k/a Investors Mortgage Holdings, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Certain Underwriters at Lloyd's, London, Subscribing to Policy Numbers MBB0756586A08, MBB0856586A09, and B066456586B09; HUB International Insurance Services, Inc.,<br><br>Defendants. | No. CV-14-02001-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy Number MBB0756586A08's Supplemental Motion for Award of Attorneys' Fees (Doc. 214), 11333 Incorporated's response, and Underwriters' reply.

**I.  BACKGROUND**

On March 30, 2018, the Court granted Underwriters' motion for award of attorney fees under A.R.S. § 12-341.01(A) in the amount of $1,099,011.50 so far. (Doc. 211.) In their motion Underwriters had excluded most of the amounts charged to and paid by Underwriters for attorney time incurred during air travel. The Court overruled 11333's objections to the amounts charged for attorney air travel time that Underwriters had claimed, invalidating the Local Rule that purported to exclude such attorney fees from awards under that state statute. The Court permitted Underwriters to file a supplemental

request for attorney fees to include previously omitted attorney air travel time and any additional services incurred on their fee motion.

Underwriters' supplemental motion requests an additional $56,820.00 for attorney air travel time that was withheld from their initial fee motion and $47,828.50 for attorney fees incurred on the initial fee motion. 11333 objects that attorney air travel time ordinarily should not be charged unless other work was done at the same time. Local Rule LRCiv 54.2(e)(2)(D). 11333 also contends some of the attorney air travel time was unreasonable and unnecessary. Finally, 11333 requests reduction of the award because same of the services are inadequately described. Local Rule LRCiv 54.2(e)(2).

## II. FEE AWARDS UNDER ARIZONA LAW FOR ATTORNEY TRAVEL TIME

Federal courts sitting in diversity apply state substantive law and federal procedural law. *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007). State statutes are substantive when they authorize fee awards to litigants in a particular class of cases, as A.R.S. § 12-341.01 does for actions arising out of contract. *See id.*

Federal district courts may "prescribe rules for the conduct of their business," that is, local rules of procedure. 28 U.S.C. § 2071(a). No rule may be prescribed by a district court other than under 28 U.S.C. § 2071. 28 U.S.C. § 2071(b). A district court must enforce local rules prescribed under § 2017 if substantial rights are at stake. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994); *All. of Nonprofits for Ins., Risk Retention Grp. v. Kipper*, 712 F.3d 1316, 1327 (9th Cir. 2013). But 28 U.S.C. § 2071 only authorizes district courts to prescribe rules for "the conduct of their business." It gives no authority to district courts to prescribe rules that modify the substantive law to be applied.

Arizona substantive law provides district courts with discretion to award reasonable attorney fees in contract litigation. A.R.S. § 12-341.01(A) states: "In any contested action arising out of a contract, express or implied, the court may award the

successful party reasonable attorney fees." The statute provides broad judicial discretion: "The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

"Once a litigant establishes entitlement to a fee award, the touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012). Reasonableness of fees is a fact question based on the market and practices of attorneys and clients. It is customary and routine for commercial attorneys working on an hourly rate basis, including insurance attorneys, to charge their clients for their time necessarily traveling on the matter, whether or not other legal work is done on the airplane. Clients universally pay for that time, as did Underwriters here. That is part of the "reasonable" fee that the Court may award in its discretion, provided it does "not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(A) and (B).

Local Rule LRCiv 54.2 establishes the procedure for requesting award of attorney fees and related non-taxable expenses in the U.S. District Court for the District of Arizona. LRCiv 54.2(d) requires movants to submit supporting documentation, including a task-based itemized statement of attorney fees and expenses. LRCiv 54.2(e)(2) states: "The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated." It further states: "If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly."

For this case the Arizona statute gives the court substantive discretion to award fees up to the lower of what is "reasonable" or what does "not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(A) and (B). Local Rule LRCiv 54.2(e) provides the procedure to supply the district court with the information it needs to decide whether the requested fees are reasonable.

However, LRCiv 54.2(e)(2)(D) goes beyond enabling the court to determine reasonableness. It also excludes fees for attorney air travel time as beyond what the Arizona statute authorizes for compensation, though the market shows them to be reasonable and charged and paid in fact. The rule states:

> (D) Travel Time. Ordinarily air travel time should not be charged. If services were performed during such time, then describe such services rather than charging for the travel time.

In this case under A.R.S. § 12-341.01(A), this application of LRCiv 54.2(e)(2)(D) to exclude fees that are compensable under A.R.S. § 12-341.01(A) exceeds the district court's authority under 28 U.S.C. § 2071(a) to prescribe procedural rules. As applied here, the local rule is invalid.

## III. OBJECTIONS TO SPECIFIC FEES

11333's objections to specific services are all unmeritorious. Some of the objections have already been rejected in the first order awarding fees. (Doc. 211.)

Occasional travel by counsel for in-person strategy sessions and conferences with opposing counsel was reasonable. 11333 says all such meetings should have been by video conference. In-person meeting is much more productive, depending on the nature and length of the meetings. Those meetings were justified.

The Court has already found the division of labor between the out-of-state and the local law firms reasonable and justified. Major litigants like Underwriters may use their regular litigation counsel and local counsel as well.

The multiple lawyers attending the depositions of Jerome Joseph, William J. Lutz, Plaintiff's corporate representatives, and Underwriters' representatives were all warranted in light of the division of responsibilities among their lawyers. (Doc. 217 at 4-5.) It was especially justified for Mr. West to travel to London, though he did not attend the Rule 30(b)(6) depositions, in light of his participation in the preparation of the deponents and his extensive history with the major representatives of Underwriters. 11333's principal's belated announcement that he would attend the deposition and wished to discuss settlement made Mr. West's presence all the more beneficial.

11333 objects again to ten time entries, as it did before, for preparation of identified court papers. Use of the word "prepare" can sometimes be unclear about what is being done. But it is utterly clear here what preparation of the attorney fees motion and the reply refers to. Those objections are overruled also.

The Court finds that the $56,820.00 for attorney fees for air travel time, originally omitted from Underwriters' fee motion and now sought, is reasonable. 11333's objections to the reasonableness of attorney air travel time are overruled. All the travel was reasonable. Further, 11333's objections to Underwriters' request for $47,828.50 for attorney fees incurred on the initial fee motion are overruled for reasons stated herein and previously in the March 30, 2018 order (Doc. 211).

IT IS THEREFORE ORDERED that Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy Number MBB0756586A08's Motion for Award of Attorneys' Fees (Doc. 214) is granted in the amount of $104,648.50 in addition to the previously awarded amount of $1,099,011.50.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Certain Underwriters at Lloyd's, London Subscribing to Policy Number MBB0756586A08 against Plaintiff 11333, Inc., in the amount of $1,203,660.00 for attorney fees, plus interest thereon at the federal rate of 2.31% from the date of this judgment until paid.

Dated this 22nd day of May, 2018.

_____
Neil V. Wake
Senior United States District Judge